11-2094-cr
United States v. Pressley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of May, two thousand twelve.

PRESENT: ROBERT D. SACK,
　　　　　 REENA RAGGI,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　*Appellant*,

　　　　　 v.　　　　　　　　　　　　　　　　　　No. 11-2094-cr

LEROY PRESSLEY,
　　　　　　　　*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　MARC H. SILVERMAN (Robert M. Spector, Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

APPEARING FOR APPELLEE:　　　DAVID VINCENT DEROSA, Esq., Naugatuck, Connecticut (Donald Cretella, Zingaro & Cretella, LLC, Bridgeport, Connecticut, *on the brief*).

Appeal from a suppression order of the United States District Court for the District of Connecticut (Ellen B. Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 20, 2011, is VACATED and the case REMANDED for further proceedings.

The government appeals from the district court's order suppressing, inter alia, crack cocaine, heroin, and a firearm found in defendant Leroy Pressley's car after a drug-sniffing dog alerted outside the car. The government principally argues that the district court erred in failing to apply the Supreme Court's decision in Illinois v. Caballes, 543 U.S. 405 (2005). In reviewing that legal issue de novo, see United States v. Steppello, 664 F.3d 359, 363 n.5 (2d Cir. 2011), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand for further proceedings.

In Caballes, the Supreme Court held that a canine sniff of a car for drugs during a lawful traffic stop is not a search subject to the Fourth Amendment. See Illinois v. Caballes, 543 U.S. at 408–09; accord United States v. Hayes, 551 F.3d 138, 144 (2d Cir. 2008). Thus, there was no need to demonstrate even a reasonable belief that drugs would be found in the car to conduct the sniff. See Illinois v. Caballes, 543 U.S. at 408. At the same time, however, the Supreme Court indicated that the authority to conduct a canine sniff incident to a lawful stop could not exceed the time reasonably necessary to complete the inquiry prompting the stop. See id. at 407–08.

The challenged sniff in this case should have been analyzed by reference to Caballes. Because the district court did not do so, we vacate the order suppressing evidence obtained

2

as a result of the sniff, and we remand the case for further proceedings. <u>Caballes</u> applies here because, as the district court found, the police officers lawfully stopped Pressley in the parking lot of the Roodner Court Housing Complex based on a reasonable suspicion that he was trespassing. At that point, the officers' ability to continue to detain Pressley until the canine sniff was completed depended not on whether they had reasonable suspicion to think the car contained drugs, but on whether they were still reasonably pursuing their trespass inquiry at the time of the sniff. <u>See</u> <u>id.</u>

Insofar as the district court may require more information to make this determination—for example, evidence as to whether officers (1) had completed their trespass inquiry on speaking to Pressley and were then holding him only until a canine unit arrived to conduct the drug sniff; (2) were continuing the trespass inquiry through the canine sniff, during which time they questioned Pressley's cousins Tanya Smeriglio and Tammy Morales about his presence at the complex;[1] or (3) some other scenario—it may, of course, reopen the suppression hearing in the exercise of its discretion. Insofar as Pressley challenges the car

---

[1] The government charges the district court with clear error in finding that Smeriglio, who was not a resident of the complex, and Morales, who was a resident, <u>both</u> told officers that Pressley was there to visit them. There does not appear to be any record evidence that Morales told police that Pressley was her guest. Although Officer Brandon Collins testified that he "believe[d] . . . <u>they</u> [i.e., the two women] said" Pressley was visiting them, J.A. 114 (emphasis added), Officer Collins also testified that he was not in fact present when Officer Jean Maxime Sixto interviewed the two women. Officer Sixto's report indicates that while Morales told Officer Sixto that Pressley was her cousin, only Smeriglio, the non-resident, claimed that Pressley was visiting her. Because we remand for further proceedings in light of <u>Caballes,</u> we leave it to the parties to point out these record excerpts to the district court so that it can explain or alter the challenged finding.

3

search that followed the canine sniff on grounds different from those decided by the district court, it would be premature for this court to address those arguments in advance of the district court. Thus, Pressley may pursue those challenges in the district court without prejudice to his appealing any adverse rulings on these matters.

The district court's suppression order is therefore VACATED and the case REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court